**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

CHARLES LAMAR NESS,            :      Civil No. 09-3722 (RMB)
                               :
          Petitioner,          :
                               :
     v.                        :      OPINION
                               :
UNITED STATES OF AMERICA,      :
                               :
          Respondents.         :
                               :

**APPEARANCES:**

    CHARLES LAMAR NESS, #12717-081
    F.C.I. Fort Dix East
    P.O. Box 2000
    Fort Dix, New Jersey 08640
    Petitioner <u>Pro</u> <u>Se</u>

    DEBORAH PRISINZANO MIKKELSEN, Assistant U.S. Attorney
    RALPH J. MARRA, JR., Acting U.S. Attorney
    P.O. Box 2098
    Camden, New Jersey 08101

**BUMB, District Judge**

On July 2, 2009, Petitioner, an inmate incarcerated at FCI Fort Dix in New Jersey, filed a motion to vacate the sentence imposed in <u>United States v. Ness</u>, Crim. No. 05-0082 (TS)-1 (D. Utah filed June 29, 2005), pursuant to 28 U.S.C. § 2255, in the United States District Court for the District of Utah.  See <u>Ness v. USA</u>, Civil No. 09-0095 (TS) (D. Utah filed July 2, 2009).  On July 21, 2009, United States District Judge Ted Stewart, the sentencing judge, construed the pleading as a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, and transferred

the case to this Court.[1]  Petitioner challenges the calculation of his federal sentence by the Bureau of Prisons ("BOP"), arguing that the BOP violated his due process rights and a court order by revoking 179 days of jail credit that was credited against his state sentence.  This Court will summarily dismiss the Petition without prejudice because the face of the Petition, together with documents filed in Petitioner's criminal case, show that Petitioner failed to exhaust the BOP's Administrative Remedy Program.  See 28 U.S.C. § 2243; 28 U.S.C. § 2254 Rule 4, applicable to § 2241 cases through Rule 1(b).

## I.  BACKGROUND

The Petition challenges the failure of the BOP to give Petitioner prior custody credit for the 179-day period from his arrest by the State of Utah until Petitioner was released from state custody to the U.S. Marshal for service of his federal sentence on February 28, 2006.

On December 15, 2005, United States District Judge Ted Stewart sentenced Petitioner to a 60-month sentence based on his guilty plea to coercion and enticement for illegal sexual activity in violation of 18 U.S.C. § 2422(b).  See United States

---

[1] See Ness, Civil No. 09-0095 mem. decision & order (D. Utah July 21, 2009) ("Because the relief sought must be brought in the district where Petitioner is confined, the Court does not have jurisdiction to address the merits of his claims, including his unsupported allegation that his federal sentence was to be served concurrently").

v. Ness, Crim. No. 05-0082 (TS)-1 judgm. (D. Utah Dec. 15, 2005). On December 19, 2005, the State of Utah sentenced Petitioner to a term of zero to five years for unlawful sexual activity with a minor. Id. at docket entry #42. On February 28, 2006, Utah released Petitioner to the United States Marshal for service of his federal sentence. Id.

Petitioner's Sentence Monitoring Computation Data sheet, attached to Petitioner's submissions, indicates the following: on February 16, 2006, Utah amended its judgment to run his state sentence concurrently with his federal sentence; on July 16, 2008, the BOP gave Petitioner prior custody credit; and on March 5, 2009, the BOP removed the prior custody credit on the ground that the federal sentence was not ordered to run concurrent with the state sentence. (Docket entry #7 at p. 5.) The BOP accordingly calculated Petitioner's 60-month federal sentence as commencing on the date he was taken into federal custody - February 28, 2006 - and expiring on April 27, 2010. (Id.)

Petitioner contends that the BOP violated his rights and the court order (presumably the amended state judgment of conviction) by failing to give him prior custody credit for the 179 days he served in state custody prior to February 28, 2006, the date on which he was released on his state sentence and taken into federal custody. Petitioner states that the BOP Records Office in Grand Prairie, Texas, gave him the 179-day prior custody

credit in July 2008, after his father called them and his case worker sent them his records, but the BOP revoked the jail credit in March 2009 without a hearing.  Petitioner "contends that the BOP is being vindictive since [he] elected to seek more than 6 months halfway house under the Second Chance Act of 2007."  (Mem. of Law, Docket entry #6-4 at p. 2.)  The Petition asserts the following grounds:

> Ground One: THE HABEAS CORPUS STATUTE SHOULD BE TOLLED BECAUSE OF A "MISCARRIAGE OF JUSTICE" AND THE ADMINISTRATIVE REMEDIES COULD NOT BE COMPLETED WITHIN THE TIME LIMIT TO FILE.
>
> Ground Two: THE J&C ORDER IS BEING IGNORED BY BOP OFFICIALS AND THE CT. SHOULD ENFORCE ITS ORDER BY GRANTING A DEPARTURE FOR THE TIME SERVED UNDER 5.G1.3(b)(1).
>
> Ground Three: THE BOP VIOLATED PETITIONER'S DUE PROCESS RIGHTS AND EQUAL PROTECTION RIGHTS BY REVOKING THE CONCURRENT JAIL CREDIT AFTER PREVIOUSLY GRANTING THE 179 DAYS OF JAIL CREDIT.

(Pet. ¶¶ 12.A., 12.B., 12.C.)

Petitioner asks this Court to order the BOP to recalculate his sentence by giving him credit for the 179 days he spent in Utah custody, such that he would be released on October 24, 2009, rather than April 27, 2010.[2]

This Court takes judicial notice of the documents filed in Petitioner's federal criminal proceeding.  See, e.g., Marrakush

---

[2] On August 26, 2009, Petitioner filed a motion to notify this Court that the case is time sensitive.

<u>Society v. New Jersey State Police</u>, Civil No. 09-2519 (JBS) opinion at p. 20 n.14 (D.N.J. July 30, 2009); F.R.E. 201(b). On August 19, 2009, Judge Stewart ordered that the parties be permitted to file comments by August 26, 2009, regarding a letter the Court received from the BOP dated August 19, 2009, which provides, in pertinent part:

> Mr. Ness now requests credit toward his federal sentence for the time which he spent in state custody. Title 18, USC § 3585(b), prohibits the application of this credit. However, as a result of the decision in <u>Barden v. Keohane</u>, 921 F. 2d 476 (3d Cir. 1990), the Bureau of Prisons (Bureau) considers an inmate's request for credit in such a case as a request for a retroactive (concurrent designation . . . .
>
> It is the preference of the Bureau that the federal Sentencing Court be given an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful in our determination to grant or deny the request. Should the designation be granted, the Bureau will commence his sentence upon its imposition, which will result in a projected satisfaction date on October 24, 2009. Should the Bureau deny the request, Mr. Ness will continue to his projected satisfaction date on April 28, 2010.

<u>United States v. Ness</u>, Crim. No. 05-0082 (TS)-1 docket entry #42 at pp. 2-3 (D. Utah Aug. 19, 2009).

## **II.  DISCUSSION**

<u>A.  Jurisdiction</u>

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91). This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the calculation of his sentence by the BOP on federal grounds and he was incarcerated in New Jersey at the time he filed the Petition. See Vega v. United States, 493 F. 3d 310, 313 (3d Cir. 2007) (challenge to BOP's failure to give credit for time served prior to federal sentencing is cognizable under § 2241); Barden v. Keohane, 921 F. 2d 476, 478-79 (3d Cir. 1991) (challenge to BOP's refusal to decide whether to designate state prison as place of federal confinement).

B.  Standard of Review

The Habeas Rules require the assigned judge to review a habeas petition upon filing and to sua sponte dismiss the

petition without ordering a responsive pleading under certain circumstances:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

The Supreme Court explained the pleading and summary dismissal requirements of Habeas Rules 2 and 4 as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should

>not be granted." § 2243.  Under Habeas
>Corpus Rule 4, if "it plainly appears from
>the petition . . . that the petitioner is not
>entitled to relief in district court," the
>court must summarily dismiss the petition
>without ordering a responsive pleading.

Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

C. Administrative Exhaustion

Although 28 U.S.C. § 2241 contains no exhaustion requirement, "[o]rdinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241." Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998); see also, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981).  The United States Court of Appeals for the Third Circuit requires administrative exhaustion of a claim raised under § 2241 for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Moscato v. Federal Bureau of Prisons, 98 F. 3d 757, 761-62 (3d Cir. 1996); see also Gambino, 134 F.3d at 171; Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988).

The BOP's Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement."  28 C.F.R. § 542.10(a).  An inmate must generally attempt to informally resolve the issue by presenting it to staff in a BP-8 form.  See 28 C.F.R. § 542.13. If the issue is not informally resolved, then the inmate may submit a request for administrative remedy (BP-9) to the Warden. See 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response may appeal to the Regional Director (BP-10), and an inmate dissatisfied with the Regional Director's decision may appeal to the General Counsel in the Central Office (BP-11). See 28 C.F.R. § 542.15(a).  Appeal to the General Counsel is the final administrative appeal.  Id.  The regulations further provide that the Warden shall respond within 20 calendar days; the Regional Director shall respond within 30 calendar days; and the General Counsel shall respond within 40 calendar days.  See 28 C.F.R. § 542.18.  And the regulation provides that if the inmate does not receive a response within the time allotted for reply, then the inmate may consider the absence of a response to be a denial at that level.  Id.

In this case, Petitioner admits that he did not exhaust the BOP's three-step Administrative Remedy Program.  See Pet. Ground One ("administrative remedies could not be completed within the

time limit to file") (Docket entry #6-2 at p. 4.) Moreover, the docket in Petitioner's criminal case establishes that the BOP is in fact considering Petitioner's request for prior custody credit. Thus, it is clear that Petitioner has not yet exhausted administrative remedies available to him under the Administrative Remedy Program. Moreover, this Court sees no reason to excuse Petitioner's failure to exhaust available administrative remedies.[3] This Court will accordingly dismiss the Petition for failure to exhaust available administrative remedies.[4] See Lindsay v. Williamson, 271 Fed. Appx. 158, 160 (3d Cir. 2008) (affirming summary dismissal of § 2241 petition challenging BOP's execution of sentence "[b]ecause the District Court could determine from the face of Lindsay's petition that he did not exhaust his administrative remedies, a prerequisite to suit"); Warwick v. Miner, 257 Fed. Appx. 475 (3d Cir. 2007) (affirming

---

[3] This Court is aware that, according to Petitioner's calculation of his sentence, the sentence should expire on October 24, 2009, but this Court will nevertheless not excuse Petitioner's failure to exhaust. See Barden, 921 F.2d at 483 ("Whether Barden's actions while under confinement in both the Pennsylvania and federal prisons, the intent of the state judge that Barden's state sentence be served concurrently with the earlier federal sentence and any other broadly relevant characteristics or circumstances entitle Barden to relief in the form of a *nunc pro tunc* designation of the state prison as a place of federal confinement . . . is a matter within the Bureau's sound discretion. We hold only that the Bureau has power to grant relief").

[4] This Court will deny Petitioner's motion to notify the Court of the time sensitivity of the matter as moot.

10

dismissal of § 2241 petition challenging BOP's calculation of sentence for failure to exhaust Administrative Remedy Program).

### III. CONCLUSION

The Court dismisses the Petition for a Writ of Habeas Corpus for failure to exhaust administrative remedies and denies Petitioner's motion as moot.

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**

Dated:   August 31, 2009